In the Matter of the Petition of SIGMUND FEUST to Vacate an Assessment, etc.

*Supreme Court, First Department, General Term, January 10, 1890.*

1. *Municipal corporation. Assessment.*—Where a contract was let on an unbalanced bid and at a single price for both earth and rock excavation, which alone caused the excessive price paid, the petitioner is entitled to a reduction of the assessment.
2. *Appeal. First instance.*—It is too late to raise an objection on appeal, which was not taken in the court below.

Appeals upon the part of the mayor, etc., of the city of New York and by the petitioner from an order made at special term reducing an assessment for regulating, etc., Mount Morris avenue.

*George L. Sterling*, for the mayor, etc.

*Truman H. Baldwin*, for the petitioner.

VAN BRUNT, P. J.—The appeal taken on behalf of the mayor, etc., seems to be based upon two grounds.

*First.* That the court has no jurisdiction under the terms of the consolidation act to vacate or reduce the assessment in question in the present form of procedure.

*Second.* That the petitioner has failed to show either fraud or substantial error or in fact any illegal action at all.

The petitioner founds his appeal upon the claim that the assessment was not reduced to the extent which the evidence demanded.

In respect to the first ground taken by the mayor, etc., it is to be observed that no such objection was taken in the

court below, and it seems now to be suggested for the first time.

Whatever might have been our opinion as to the validity of the objection had it been taken in the court below, we think that it is too late now to attempt to raise it.

Upon an examination of the evidence in this case we cannot say but that the court below reached a just conclusion. The finding of the court below that the petitioner was entitled to relief because the bid of the contractor was an unbalanced one and no reasonable attempt was made by the city's officers to determine the quantities of earth and rock separately, and although the cost of rock excavation is four times that of earth but a single price was named for excavation, whether rock or earth, which circumstance was alone the cause of the concededly excessive price paid for the work, seems to have been in accordance with the principles laid down in the case of Anderson, 109 N. Y. 559; and is also in accordance with the well recognized principles governing the relations of principal and agent.

The evidence clearly supported this conclusion, and we see no reason for disturbing it.

Neither do we think that the complaint of the petitioner is well founded.

It is true that the assessment was not reduced as much as called for by the evidence of his witness, Jones, but we think that an examination of the evidence shows that this witness took a rather exaggerated view of the damage sustained by the petitioner arising from the lax methods pursued by the city officials in their preparations for this contract, and that the conclusion arrived at by the learned judge below truly represented the extent of the relief to which the petitioner was entitled.

The order appealed from should be affirmed, without costs.

DANIELS, J., concurs in the result.

BARRETT, J.—I doubt whether the city was concluded by its failure to question the jurisdiction below. An entire want of authority can probably be shown at any time. But I have no doubt that the court had ample authority. Indeed I scarcely understand Mr. Sterling's point. He says the court had no jurisdiction to vacate or reduce in the present form of procedure; what the difficulty is with the form of procedure he does not point out. If it is that the petitioner prays for a vacation when he should have prayed for a reduction only, the point is certainly bad after a judgment order properly reducing the assessment, and attempting nothing more. The petitioner does not stamp his application as made under any particular section of the consolidation act. We cannot, therefore, say that he has proceeded without authority, under §§ 898 to 902 inclusive, when his case comes plainly within § 903.

Upon the merits I concur unreservedly with the presiding justice, and also in the opinion of Mr. Justice O'BRIEN, at special term.